Martin F. Casey
Christopher M. Schierloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff



JUDGE BERMAN

11 CIV 1463

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AMLIN UNDERWRITING LIMITED a/s/o ANOVA
FOODS, INC.,

        Plaintiff,

  - against -

A.P. MOLLER-MAERSK A/S d/b/a MAERSK
LINE,

        Defendant.
-----------------------------------------------------------X

2011 Civ.

**COMPLAINT**

    Plaintiff, by its attorneys, Casey & Barnett, LLC, for its Complaint, alleges upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, AMLIN UNDERWRITING LIMITED (hereinafter "Amlin") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at St. Helen's, 1 Undershaft, London EC3A 8ND, England and is the subrogated underwriter of a consignment of frozen tuna steaks laden on board, including but not limited to, the M/V JACQUELINE and M/V MAJESTIC MAERSK, as more fully described below.

3.  At all material times, ANOVA FOODS, INC., (hereinafter "Anova") was and is a corporation with an office and place of business located at 2922 South Falkenburg Road, Building # 5, Riverview, Florida 33578 and was the owner, consignee and/or assured of a consignment of frozen tuna steaks, as more fully described below.

4.  At all material times, defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE, (hereinafter "Maersk Line") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Giralda Farms, Madison Avenue, Madison, New Jersey 07940 and owns, operates, manages and/or charters ships, including the M/V JACQUELINE and M/V MAJESTIC MAERSK, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V JACQUELINE and M/V MAJESTIC MAERSK, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court and at all relevant times acted in the capacity of a common carrier of goods by water.

5.  Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.  On or about August 22, 2008, a consignment consisting of 1,000 cartons of frozen tuna steaks laden into container number PONU4836870, then being in good order and condition, was delivered to the M/V JACQUELINE and Maersk Line and/or its agents in Songkhla, Thailand for transportation to Miami, Florida via various ports in South East Asia, in consideration of an agreed freight, pursuant to Maersk Line bill of lading number

MAEU526356853 dated August 26, 2008 and with instructions to maintain a temperature within the container of -25 degrees Celsuis.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V JACQUELINE, Maersk Line bill of lading number MAEU526356853 was issued and the vessel sailed for its intended destination.

8. The aforementioned cargo of frozen tuna steaks was transshipped at the port of Qinqdao, China to the M/V MAJESTIC MAERSK, which was the delivering vessel.

9. During transshipment at the port of Qinqdao, China, container number PONU4836870 malfunctioned and underwent repairs.

10. While container number PONU4836870 was undergoing repairs, the shipment was subjected to temperatures that were not within the instructions provided by the shipper, all while in the care and custody of the defendant and/or its agents.

11. Upon delivery of the container to the consignee, and as a result of the foregoing, it was discovered that the cargo was not in the same good order and condition as when received by the defendant, but instead had suffered physical damage during transit as a result of exposure to improper temperatures during transit.

12. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment on behalf of the defendant.

13. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $108,044.90.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Anova and Amlin, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Anova and Amlin, monies have been expended on behalf of Anova to the detriment of Amlin due to the damages sustained during transit.

16. As Amlin has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Amlin has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

17. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE**, Plaintiff prays:

1. The Court order, adjudge and decree that defendant A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

2. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 3, 2011
176- 48

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *[signature]*
Martin F. Casey
Christopher M. Schierloh
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225